# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARVEY SENDER, in his capacity as Receiver, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-2170-RDR ) |
| JEFFREY R. DILLOW and ANN DILLOW CROWLEY, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is an action brought by a receiver to recover funds for the benefit of the receivership estate. The court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332. This case is before the court upon defendants' motion to dismiss upon statute of limitations grounds. Doc. No. 7. Defendant's argumentation focuses upon plaintiff's statutory fraudulent transfer claims and plaintiff's unjust enrichment claim. For the reasons which follow, the court finds that there is an issue of equitable tolling which prevents dismissal of plaintiff's statutory fraudulent transfer claims and that plaintiff's unjust enrichment action should not be dismissed pursuant to the Kansas saving statute. Also pending before the court is plaintiff's motion for leave to file a surreply brief. Doc. No. 13. That motion shall be granted.

I.  FACTUAL BACKGROUND

Plaintiff is the receiver for the Yost Partnership, LP, which operated as an investment partnership.  Plaintiff was appointed by a state court in Colorado.  The Yost Partnership was an Illinois limited partnership with its principal place of business in Chicago, Illinois.

The Yost Partnership started in 1991 and operated legitimately for many years.  It is alleged and undenied for the purposes of this order that sometime in 2005 and thereafter the Yost Partnership began operating as a Ponzi scheme in response to major trading losses.  The partnership was enjoined after September 8, 2010 when the Securities Commissioner for the State of Colorado filed a complaint.

Plaintiff has brought this action alleging that certain funds were wrongly distributed from the Yost Partnership to defendants, although there are no allegations that defendants were part of the Ponzi scheme.  Defendants' father, Byron Dillow, invested money in the Yost Partnership in 1997.  He died in 2002 and his interest in the Yost Partnership was inherited by defendants' mother, Sara Dillow.  When she died in 2008, defendants inherited their interest in the Yost Partnership from her.  Defendants are two children of Byron and Sara Dillow and are Kansas residents.  A third child is an Illinois resident and is a party to similar litigation filed in Illinois, but not a party to this action.

The complaint alleges that between March 31, 2005 and the receivership commencement date, the Yost Partnership distributed funds in excess of $270,000 of the true capital account value of the interest held by defendants' mother and that these funds were inherited by her children. It is undisputed that money was transferred from the Yost Partnership to defendants on February 20, 2009, February 24, 2009 and April 8, 2009. Plaintiff was appointed as receiver on September 14, 2010.

This lawsuit was filed on April 10, 2013, more than four years after the last money transfer. Prior to filing this lawsuit, plaintiff filed suits upon the same facts against defendants in Colorado and Illinois state courts. The Colorado case was filed on August 17, 2011 and dismissed without prejudice on February 6, 2012. The Illinois case was filed on January 30, 2012. It was dismissed for lack of personal jurisdiction as to the defendants in this case on October 25, 2012.

II. PLAINTIFF'S CLAIMS AND DEFENDANTS' ARGUMENTS

Plaintiff seeks a declaratory judgment in Count I of the complaint. In Count II, plaintiff alleges unjust enrichment and requests that the court impose a constructive trust on the alleged excess distributions. Plaintiff asks for similar relief under the terms of the receivership order in Count III. In Counts IV and V plaintiff alleges fraudulent transfer (fraud in fact and constructive fraud) in violation of Kansas and Illinois

3

fraudulent transfer statutes. These statutes, which are more or less the same, are based upon the Uniform Fraudulent Transfer Act or "UFTA." Defendants contend that the longest limitations period for any of plaintiff's claims is four years and, since plaintiff filed this action more than four years after the last money transfer on April 8, 2009, that plaintiff's claims are untimely filed. As stated before, defendants' argumentation focuses upon plaintiff's fraudulent transfer and unjust enrichment claims.

III. MOTION TO DISMISS STANDARDS

Defendants do not identify what rule they believe governs their motion to dismiss. The court will apply the standards of FED.R.CIV.P. 12(b)(6), with some leeway for facts which seem undisputed although they are not contained in the complaint. We accept as true all well-pleaded factual allegations in the complaint and view them in a light most favorable to plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) cert. denied, 558 U.S. 1148 (2010). The statute of limitations is an affirmative defense. Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Defendant can raise a limitations defense in a Rule 12(b) motion when the dates alleged in the complaint make clear that the right sued upon has been extinguished. The court should not focus upon whether the allegations in the complaint show compliance with the statute of limitations, but whether the allegations in the complaint show

4

noncompliance. See Jones v. Bock, 549 U.S. 199, 215 (2007)(complaint need not include facts defeating affirmative defense of administrative exhaustion); Cancer Foundation, Inc. v. Cerberus Capital, 559 F.3d 671, 674-75 (7th Cir. 2009)(a limitations defense should not be considered upon a motion to dismiss unless plaintiff pleads himself out of court by alleging facts establishing the defense).

As equitable tolling is argued in this case, it is appropriate to note that "generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006).

Although some of the facts relevant to the arguments in this case do not appear in the complaint, plaintiff has not objected to the motion to dismiss on this ground. As these facts appear undisputed, for the purposes of expediency, the court will proceed, where we can, to decide the motion to dismiss without going through the step of converting it to a summary judgment motion.

IV. CHOICE OF LAW

A. Substantive law

Federal courts that sit in diversity apply "the choice of law principles of the state in which it sits." Lyons v. Kyner,

367 Fed.Appx. 878, 882 (10th Cir. 2/10/2010)(quoting Morrison Knudsen Corp. v. Group Improvement Techniques, Inc., 532 F.3d 1063, 1077 n.12 (10th Cir. 2008). Kansas courts follow the rule of lex loci delecti or "place of the wrong" in deciding the substantive law to apply. See Andy's Towing, Inc. v. Bulldog Building Systems, Inc., 2011 WL 2433679 *5-6 (D.Kan. 6/14/2011)(applying rule to determine whether Oregon or Kansas consumer fraud statutes should be applied); see also, Hermelink v. Dynamex Operations East, Inc., 109 F.Supp.2d 1299, 1303 (D.Kan. 2000)(in a tort action, "[w]hen a plaintiff alleges financial injury, the court looks to the law of the state in which the plaintiff felt that financial injury"). Here, it appears that Illinois is the place of the wrong. The money which the receiver seeks to recover was transferred from the Yost Partnership in Illinois. So, the court will apply Illinois substantive law. The parties appear in agreement with this finding.

B. Limitations periods

"Kansas . . . generally applies its own statutes of limitations to actions before it." Garcia v. Int'l Elevator Co., Inc., 358 F.3d 777, 779 (10th Cir. 2004). But, "if a cause of action is based on a . . . non-Kansas statute that 'incorporates a limitations period for suit,' that statutory time restriction is considered 'substantive in nature' and will be considered controlling." Garcia, supra (quoting Muzingo v.

6

Vaught, 859 P.2d 977, 980 (1993)). "[I]f the cause of action arose in another jurisdiction, the Kansas borrowing statute, Kan.Stat.Ann. § 60-516, requires application of the other jurisdiction's statute of limitations if it would result in the action being time-barred." Id.

The Illinois UFTA statute has its own limitations period. Therefore, under the above-stated Kansas choice of law rule expressed in Garcia, the court shall apply the limitations provisions of the Illinois statute.[1] These provisions state that: "A cause of action with respect to a fraudulent transfer or obligation under this Act is extinguished unless action is brought: [regarding transfers made with actual intent to hinder delay or defraud any creditor of the debtor] . . . within 4 years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant; [or regarding transfers amounting to constructive fraud] within

---

[1] The court shall also apply the tolling rules of Illinois. See Warfield v. Carnie, 2007 WL 1112591 *15 (N.D.Tex. 4/13/2007)(Texas federal court applying Washington statute of limitations and tolling rules in an UFTA action brought by a receiver); see also Board of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980)(borrowing state statute of limitations and tolling rules for federal cause of action).

[2] A cause of action for unjust enrichment in Illinois is governed by Illinois' five-year statute of limitations. Apollo Real Estate Inv. Fund, IV, L.P. v. Gelber, 935 N.E.2d 949, 957 (Ill. App. 2009)(citing 735 ILL.COMP.STAT. 5/13-205 (West 2006)). Thus, the court need not apply the provisions of K.S.A. 60-516 requiring application of another jurisdiction's statute of limitations if the cause of action arising in that jurisdiction would be expired.

7

4 years after the transfer was made or the obligation was incurred." 740 ILL.COMP.STAT. 160/10(a)&(b).

Illinois does not have an unjust enrichment statute with its own limitations period.[2] Therefore, the court shall apply the Kansas limitations period for unjust enrichment claims to plaintiff's unjust enrichment action.

V. STATUTORY FRAUDULENT TRANSFER CLAIMS

Plaintiff's fraudulent transfer claims are controlled by the Illinois UFTA and the above-recited limitations periods. There appears to be no dispute that the transfers in question in this case were made more than four years before plaintiff filed this action. It also appears undisputed that plaintiff could have reasonably discovered the transfers within one year of his appointment as receiver in September 2010. Therefore, plaintiff's claims are untimely under the Illinois statute unless some grounds exist to toll the running of the four-year limitations periods.

Defendant contends that the four-year limitations periods are statutes of repose and, therefore, are not subject to equitable tolling. In Illinois, however, it appears that even statutes of repose have been interpreted under some circumstances as open to equitable tolling. In In re Werner, 386 B.R. 684, 698-9 (Bkrtcy.N.D.Ill. 2008) the court held that the Illinois UFTA statute of limitations at 740 ILL.COMP.STAT.

160/10(a)(1) should not be construed as a statute of repose. The court further decided that even if it was considered a statute of repose that the Illinois Supreme Court has applied tolling provisions to statutes of repose in such cases as DeLuna v. Burciaga, 857 N.E.2d 229 (Ill. 2006). So, the court shall consider plaintiff's equitable tolling arguments.[3]

Plaintiff has cited two separate grounds for equitable tolling. First, plaintiff contends that the 4-year limitations periods should be tolled under the doctrine of adverse domination. The Seventh Circuit has stated that the doctrine of adverse domination "'tolls the statute of limitations for claims by a corporation against its officers and directors while the corporation is controlled by those wrongdoing officers or directors.'" Independent Trust v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012)(quoting Lease Resolution Corp. v. Larney, 719 N.E.2d 165, 170 (Ill.App. 1999)). "'The rationale behind [the] doctrine is "that control of the board by wrongdoers precludes the possibility for filing suit since these individuals cannot be expected to sue themselves or initiate action contrary to their own interests."'" Id. (quoting Larney,

---

[3] Defendants also contend that where the cause of action is statutory, equitable tolling is unavailable. We reject this contention. See Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 770 N.E.2d 177, 188-90 (Ill. 2002)(determining whether limitations period for statutory claim is an element of a claim or an ordinary limitations period is a matter of statutory construction); Ralda-Sanden v. Sanden, 989 N.E.2d 1143, 1147-49 (Ill.App. 2013)(applying equitable tolling to action filed under state Parentage Act); see also, Burnett v. New York Cent. R. Co., 380 U.S. 424, 427 n.2 (1965)("that the right and limitation are written into the same statute does not indicate a legislative intent as to whether or when the statute of limitations should be tolled").

9

supra, quoting FDIC v. Greenwood, 739 F.Supp. 450, 453 (C.D.Ill. 1989)). In Independent Trust, the Seventh Circuit held that Illinois courts would not extend the adverse domination doctrine to toll the limitations period for claims made against persons who were not wrong-doing directors or co-conspirators. As the court explained, "the Larney court made clear that a plaintiff's allegations must establish that the defendant was complicit in the wrongdoing of the directors for the adverse domination doctrine to toll the statute of limitations." Id. at 937 (emphasis in the original). There are no such allegations here. Therefore, the court does not believe adverse domination should be recognized as tolling the Illinois UFTA statute of limitations.

Plaintiff also alleges that equitable tolling is proper in this case because plaintiff previously filed this action against defendants in other courts, but the cases were dismissed without prejudice for lack of personal jurisdiction. Timely but mistakenly filing a case in the wrong forum is recognized in Illinois as a legitimate ground in support of equitable tolling. Clay v. Kuhl, 727 N.E.2d 217, 223 (Ill. 2000). Whether it is a sufficient ground to support equitable tolling depends upon the facts of the case. See Tamayo v. Hamer, 256 F.R.D. 175, 177-78 (N.D.Ill. 2009)(deferring limitations and equitable tolling issues to later stage than motion for judgment on the pleadings); Central States, Southeast and Southwest Areas

Pension Fund v. St. Louis Post-Dispatch, LLC, 2007 WL 2492084 *4 (N.D.Ill. 8/28/2007)(equitable tolling issue turns on facts which cannot be decided upon a motion to dismiss). This is a matter which the court cannot determine upon a motion to dismiss given the record and allegations currently before the court.

Accordingly, the court shall not dismiss plaintiff's claims under the Illinois UFTA.

VI. UNJUST ENRICHMENT

In response to defendants' motion to dismiss, plaintiff has argued that the Kansas saving state applies to extend the limitations period for plaintiff's unjust enrichment claim. The court agrees with this analysis.

Unjust enrichment claims in Kansas are governed by a three-year limitations period found in K.S.A. 60-512. Estate of Draper v. Bank of America, N.A., 205 P.3d 698, 715 (Kan. 2009). The three-year period expired while plaintiff's claims against defendants were pending in Illinois state court. Under the Kansas saving statute, K.S.A. 60-518, plaintiff may commence a new action within six months, if any action timely commenced fails upon grounds other than the merits. Plaintiff filed this case against defendants within six months of the dismissal of plaintiff's claims against defendants in the Illinois case.

Defendants argue that the court should not recognize an independent cause of action for unjust enrichment because the

statutory action under the Illinois UFTA occupies the field.[4] Defendants note that the statute reads broadly that "a cause of action <u>with respect to</u> a fraudulent transfer or obligation under this act is extinguished unless action is brought . . ." within the limitations periods set forth in the statute. 740 ILL.COMP.STAT. 160/10. Defendants contend that this means that all causes of action with respect to fraudulent transfers are governed by the Illinois UFTA statute and its four-year limitations periods. The Illinois UFTA also states, however, that:

> Unless displaced by the provisions of this Act, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency and other validating or invalidating cause, supplement its provisions.

740 ILL.COMP.STAT. 160/11. This provision has been interpreted by other courts as preserving common law causes of action relating to fraudulent transfers. See <u>In re Valente</u>, 360 F.3d 256, 260-61 (1st Cir. 2004); <u>Cavadi v. DeYeso</u>, 941 N.E.2d 23, 35-36 (Mass. 2011); see also <u>Taylor v. Community Bankers Securities, LLC</u>, 2013 WL 3166336 *9 (S.D.Tex. 6/20/13)(UFTA claim and unjust enrichment claim brought by receiver); <u>Silica Tech, LLC v. J-Fiber, GmbH</u>, 2009 WL 2579432 *35-36 (D.Mass.

---

[4] Defendants also state that it is unclear whether a stand-alone claim for unjust enrichment is recognized under Illinois law. The court finds, however, that Illinois does recognize a stand-alone claim for unjust enrichment. <u>Cleary v. Philip Morris Inc.</u>, 656 F.3d 511, 516 (7th Cir. 2011); <u>Handler v. Heidenry</u>, 2012 WL 2396615 *4 (N.D.Ill. 6/25/2012)(allowing such a claim in an action brought by a receiver).

12

5/19/2009)(recognizing the equitable remedy for fraudulent conveyance in Massachusetts).

There is contrary authority. See Donell v. Keppers, 835 F.Supp.2d 871, 878-79 (S.D.Cal. 2011); Roach v. Lee, 369 F.Supp.2d 1194, 1198-99 (C.D.Cal. 2005); Moore v. Browning, 50 P.3d 852, 857-58 (Ariz.App. 2002); Cadle Co. v. Wilson, 136 S.W.3d 345, 353 (Tex.App. 2004). But, it should be noted that in California the UFTA statute is somewhat different from the Illinois UFTA statute. The California version states, in addition to the four-year limitations provisions contained in the Illinois statute:

> Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred.

CAL. CIV. CODE § 3439.09(c). The Illinois statute does not contain language which "[n]otwithstanding any other provision of law" extinguishes actions for fraudulent transfer if they are not brought within a seven-year period.

After due consideration, the court shall predict that Illinois courts would find in light of 740 ILL. COMP. STAT. 160/11 that the Illinois UFTA statute does not preempt all unjust enrichment claims relating to alleged fraudulent transfers.

VII.  CONCLUSION

Consistent with the discussion set forth above, the court shall deny defendants' motion to dismiss.  Plaintiff is granted leave to file a surreply brief, Exhibit A to Doc. No. 13, which the court has considered in rendering this decision.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2013, at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge